UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23107-CIV-MGC

SONNYA PIEDAD RAMOS a/k/a SONYA )
SANTIAGO, )
                                                                )
               Plaintiff, )
  vs. )
                                                                )
GALIT YOKOPOR, )
RONEN YOKOPOR, )
                                                                )
              Defendants. )
_____ )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF CLAIM [DE29]

COMES NOW the Plaintiff, by and through the undersigned counsel, hereby files this Response in Opposition to Defendant's Motion to Dismiss Plaintiff Claim, filed by Defendants as [DE29], and in support thereof states as follows:

1. This matter sounds under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201-216 and Florida Minimum Wage Act ("FMWA")/Florida Constitution regarding allegations for unpaid overtime and minimum wage violations. *See,* First Amended Complaint [DE13].

2. Defendants' Motion [DE29] is convoluted making it extremely difficult to decipher what in particular about the First Amended Complaint [DE13] is not within the minimal pleading requirements which apply to FLSA and FMWA matters. It appears that Defendants' Motion [DE29] is a laundry list of complaints and gripes, none of them founded in law. As such, in an abundance of caution, Plaintiff is over inclusive in responding to Defendants' Motion [DE29].

3. Defendants' Motion [DE29] seeks to dismiss Plaintiff's claims for allegedly asserting

disputed facts and for seeking to depose Defendants which is "getting annoying."[1]

4.  As set forth *supra,* there are sufficient allegations in the Complaint alleging the position Plaintiff had while employed by Defendants, the dates that Plaintiff was employed by Defendants, the wages received by Plaintiff, and FLSA coverage/subject-matter jurisdiction.

5.  At this point in light of the facts pled, Defendants are in a position to answer the First Amended Complaint [DE13] and raise their affirmative defenses. As the discovery process commences, Plaintiff will need to take various depositions and engage in further discovery as to issues related to Plaintiff's adequately alleged Complaint. Defendants are attempting to hold Plaintiff factually to a summary judgment standard prior to adequate discovery.

6.  Therefore, Defendants' Motion to Dismiss [DE29] should be denied in its entirety and the Court should order Defendants to file an Answer so that Plaintiff can know Defendants' position in the case at bar with regards to their affirmative defenses. Should the Court grant Defendants any relief, Plaintiff respectfully request fourteen (14) days from the date of the Court's Order to file a Second Amended Complaint.

## MEMORANDUM OF LAW

Motion to Dismiss Standard.

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true in a light favorable to the non-moving party. *Clifton v. Kinney*, 2006 U.S. Dist. Lexis 85256, *1 (M.D. Fla. 2006), *citing Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004), *citing Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). To succeed on their Motion to Dismiss, pursuant to the applicable standard of review, Defendants in the case at bar

---

[1] To date, Plaintiff has deposed Defendants and two non-party witnesses. Plaintiff has set a third non-party witness for deposition on a mutually agreed upon date and time and subpoena has been issued for same.

must demonstrate "beyond doubt" that "no set of facts" could entitle Plaintiff to relief. *75 Acres, LLC v. Miami-Dade County*, 338 F.3d 1288, 1293 (11th Cir. 2003).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953).

The case of *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007). The *Iqbal* decision dealt with a *Bivens* action while the *Twombly* Court dealt with the pleading standards as related to the Sherman Act. Neither case dealt with the pleading standards relating to the Fair Labor Standards Act. The Eleventh Circuit interpreting the *Twombly* motion to dismiss standard in relation to Fair Labor Standard Act cases stated:

> We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombly* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id*. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id*. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether its allegations plausibly indicate that Labbe failed to pay minimum wage and overtime compensation and failed to keep employment records as required by FLSA. Unlike the complex antitrust scheme

3

> at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. *See Chao v. Rivendell Woods, Inc*., 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). [Emphasis added].

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008).

Additionally, the Southern District of Florida in interpreting *Twombly* as it relates to FLSA matters and citing to the Eleventh Circuit decision on *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). stated:

> Under Fed. R. Civ. P. 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. *Glover v. Liggett Group, Inc.,* 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).
>
> Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. *Twombly,* 550 U.S. at 555.
>
> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Id.* Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'" *Id.* at 556.

> Moreover, "[u]nlike the complex antitrust scheme at issue in *Twombly* that required allegations of an agreement suggesting conspiracy, the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x. 761, 763 (11th Cir. Fla. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.* (citing 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5)).

*Schlinsky v. Action Video Prod.*, 2010 U.S. Dist. LEXIS 2430 (S.D. Fla. Jan. 13, 2010). See also *Marcelle v. Am. Nat'l Delivery, Inc.*, 2010 U.S. Dist. LEXIS 40248 (M.D. Fla. Apr. 23, 2010) ("the elements that must be shown to allege a violation of the FLSA's overtime pay requirements are "quite straightforward") *citation omitted*.

Consequently, although *Iqbal* and *Twombly* require more detailed pleadings as compared to the minimal pleading requirements under previous law, as stated FLSA and FMWA matters are quite straightforward, and in the instant matter, thus, minimal pleading requirements apply to FLSA and FMWA matters, and in the instant matter, Defendants cannot claim they do not understand what the allegations are regarding FLSA coverage, and can therefore either admit or deny the allegations. As set forth below, Defendants have not shown as a matter of fact or law that dispositive relief is justified.

Plaintiff is not required to plead "the precise number of hours worked and applicable pay rates to state an FLSA claim." *Anish v. Nat'l Sec. Corp.*, No. 10-80330-CIV, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 15, 2010). Instead, Plaintiff must only allege "that [she] was an employee covered by the FLSA who worked for Defendant[s], that Defendant[s] failed to pay [her] time-and-a-half wages for [her] overtime hours" and that Defendants are employers subject to the FLSA. *Id.* at *2. Plaintiff has done so here.

5

Further, the Court should limit its analysis to the four corners of the Complaint and accept Plaintiff's allegations as true. Regarding the economic realities test discussed in *Santelices, infra*, economic dependence is an important factor relevant to the employment relationship as is the nature and degree of control of the workers by the alleged employer. An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d). An employment relationship is decided by applying the "economic realties test." *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *See, Santelices, supra.* Said law shows that <u>no one factor is dispositive</u>, and the analysis is fact intensive normally pointing to the need for a jury determination. *Id.* The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer" in relation to an employee. 29 U.S.C. § 203(d).

In the First Amended Complaint [DE13], Plaintiff has sufficiently pled that Defendants were Plaintiff's employer. Plaintiff has adequately pled in separate paragraphs, Paras. 9, 14-16, 25-27, the dates she worked for Defendants, the position she held and also provided the average hours alleged per week and average rate of pay. *Id.* Regarding the individual Defendants, Paras.

3-4 of the First Amended Complaint [DE13] allege that each individual Defendants was Plaintiff's "FLSA employer for Plaintiff's respective period of employment."

FLSA Coverage.

29 U.S.C. 202 (a) states "[t]hat Congress further finds that the employment of persons in domestic service in households affects commerce." As Plaintiff was employed by Defendants as a domestic service employee, Plaintiff's work for Defendants is covered under the Fair Labor Standards Act. 29 C.F.R. 552.99 states "Congress in section 2(a) of the Act specifically found that the employment of persons in domestic service in households affects commerce. In the legislative history it was pointed out that employees in domestic service employment handle goods such as soaps, mops, detergents, and vacuum cleaners that have moved in or were produced for interstate commerce and also that they free members of the household to themselves to engage in activities in interstate commerce (S. Rep. 93-690, pp. 21-22). The Senate Committee on Labor and Public Welfare "took note of the expanded use of the interstate commerce clause by the Supreme Court in numerous recent cases (particularly *Katzenbach v. McClung*, 379 U.S. 294 (1964))," and concluded "that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act" (S. Rep. 93-690, pp. 21-22)."[2]

---

[2]This Court has original jurisdiction over the federal law FLSA claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Thus, the Court has "jurisdiction" to hear the instant matter, although a statutory dispute concerning FLSA coverage exists. For the reasons herein dismissal is inappropriate regardless due to discovery issues. However, even if Defendants would argue that subject matter jurisdiction is an exceptional ground allowing factual attacks at the dismissal stage, the dispositive issue at hand technically concerns coverage under a federal statute (the FLSA) as opposed to jurisdiction. The First Circuit in *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007) concluded that enterprise coverage is not a jurisdictional question under the FLSA in light of the Supreme Court's ruling in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006); although the Eleventh Circuit in *Turcios* did not rule on such matter because the alleged jurisdictional nature of enterprise

As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). Prior to such decision, there was a split in this Circuit on the issue of enterprise coverage. However, *Polycarpe* clarified that in this Circuit, it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce." 616 F.3d, at *5-6 (LEXIS pagination). The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

Plaintiff worked for Defendants as a domestic live in housekeeper at Defendants' residence as set forth in Para. 9 of the First Amended Complaint [DE13]. Plaintiff has adequately pled FLSA coverage/subject-matter jurisdiction in the First Amended Complaint [DE13]. In particular, Paras. 10-13 of the First Amended Complaint [DE13] alleges the requisite requirements for FLSA coverage/subject-matter jurisdiction. Plaintiff will need to depose Defendants' "suppliers" *duces tecum* regarding where Defendants' supplies are purchased,

---

coverage was not in dispute. *Turcios,* 275 Fed. Appx. at FN5. Moreover, the Southern District of Florida has been "persuaded by the reasoning in *Arbaugh* that the requirement that a plaintiff establish individual or enterprise coverage[2] is not jurisdictional." *Rodriguez v. Diego's Restaurant, Inc*., 619 F.Supp.2d 1345, 1350 (S.D. Fla. 2009).

manufactured etc. Defendants ask the Court to order Plaintiff prior to discovery to go beyond to the pleading requirements before adequate discovery has commenced regarding interstate commerce and Defendants' gross annual income. Moreover, Defendants are able to deny or admit whether its business or Plaintiff were involved in the requisite interstate commerce and defendant-employers for axiomatic reasons would normally have more access to information regarding their businesses materials and goods used by its employees.  Plaintiff needs discovery to address the said issues to establish a factual record that can be presented to the Court and/or Jury.  As to interstate commerce, it does not appear at this time, that Defendants are willing to stipulate to interstate commerce, and do not appear to be voluntarily offering evidence relevant to same regarding where their supplies are purchased, manufactured etc. In short, Defendants are clearly on notice of what FLSA coverage issues are presented based on the pleadings, and discovery needs to proceed towards the summary judgment phase. Plaintiff has also adequately pled that this Court has jurisdiction to continue to hear this case under the theory of successor liability and that the principles of equity require that the successor be held liable for the damages sought pursuant to *Steinbach v. Hubbard,* 51 F.3d 843, 844 (9th Cir. Wash. 1995). *See,* [DE55, Paras.3-11; 15-18]. Applying the Eleventh Circuit standard of *Sec'y of Labor v. Labbe* to the case at hand, Plaintiff has pled sufficient facts to demonstrate that that Defendants' business is an enterprise covered under the FLSA pursuant to the Eleventh Circuit decision in *Polycarpe v. E&S Landscaping Serv., Inc*., 616 F.3d 1217, 1220 (11th Cir. 2010) which adopted this Court's analysis of enterprise coverage in *Galdames v. N & D Inv. Corp.*, 2008 U.S. Dist. LEXIS 73433 (S.D. Fla. 2008).

   As noted above, "at the motion to dismiss stage, under Fed. R. Civ. P. 12(b)(6), a court can only examine the four corners of a complaint. *Crowell v. Morgan Stanley Dean Witter*

*Servs*., Co., Inc., 87 F. Supp.2d 1287 (S.D. Fla. 2000)."*Medina v. United Christian Evangelistic Ass'n,* 2009 U.S. Dist. LEXIS 16412 (S.D. Fla. Feb. 27, 2009). The four corners of the complaint allege sufficient facts for Defendants to formulate a proper answer to the complaint.

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendants' Motion to Dismiss Plaintiff Claim, filed as [DE29], in its entirety and Order Defendants to file their Answer and Affirmative Defenses.  Should the Court grant any relief, Plaintiff requests (14) days to file an Amended Complaint.

>Respectfully submitted,
>
>J. H. ZIDELL, P.A.
>ATTORNEYS FOR PLAINTIFF
>300-71ST STREET, SUITE 605
>MIAMI BEACH, FLORIDA 33141
>305-865-6766
>305-865-7167
>
>By:_s/ Rivkah F. Jaff, Esq. ___
>    Rivkah F. Jaff, Esquire
>    Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**:

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF AND EMAIL ON 1/15/18 TO:**

**RONEN YOKOPOR,** *PRO SE*
**GALIT YOKOPOR,** *PRO SE*
**19420 N.E. 18TH PLACE**
**MIAMI FL, 33179**
**PH: (786) 281-3645**
**EMAIL: RONEN33323@YAHOO.COM**

BY:__/s/____Rivkah F. Jaff_____
        **RIVKAH F. JAFF, ESQ.**